UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD LAMONT SUTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-CV-212 SPM |
| ) | |
| ST. FRANCIS MEDICAL CENTER and ) | |
| DR. MICHAEL KEVIN HAMMOND, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Ronald Lamont Sutton (Missouri inmate registration number 521309) for leave to commence this civil action without prepayment of the filing fee. ECF No. 2. While incarcerated, plaintiff has brought more than three civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed *in forma pauperis* and dismiss plaintiff's complaint without prejudice.

Plaintiff is a *pro se* litigant currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC") located in Bonne Terre, Missouri. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, against St. Francis Medical Center and one of its physicians, Dr. Michael Kevin Hammond. Plaintiff's allegations are difficult to decipher but they seem to relate to a hospital stay at the Medical Center from January 5 to February 20, 2016, that involved care for a back injury. Plaintiff was incarcerated at the time of the hospital stay and he seems to be attempting to assert an Eighth Amendment deliberate indifference to his serious medical needs claim, as relates to the care he received during that stay. Plaintiff also attempts to assert a claim

against the Medical Center for failing to adequately train and supervise its employees. For relief, plaintiff seeks "$26 billion and 788 million dollars" in damages. ECF No. 1 at 16.

The Prison Litigation Reform Act of 1996 ("PLRA") enacted what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Under 28 U.S.C. § 1915(g), a prisoner's ability to obtain *in forma pauperis* status is limited if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. Section 1915(g) provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *See Sutton v. Dunklin Cty. Jail*, No. 1:09-CV-184-SNLJ (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 15, 2010, under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failing to state a claim upon which relief could be granted); *Sutton v. Dolan*, No. 1:09-CV-185-LMB (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 27, 2010, under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sutton v. State of Mo., et al.*, No. 1:18-CV-41-NCC (E.D. Mo. Feb. 20, 2018) (dismissed June 8, 2018, under 28 U.S.C. § 1915(e)(2)(B)); *Sutton v. Maddox, et al.*, No. 4:19-CV-208-HEA (E.D. Mo. Feb. 11, 2019) (dismissed Aug. 15, 2019, under 28 U.S.C. § 1915(e)(2)(B)).

As a result, this Court is unable to permit plaintiff to proceed *in forma pauperis* in this matter unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). An otherwise ineligible prisoner must be in imminent danger at the time of filing the complaint; allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

Plaintiff is not currently under the care of the two medical defendants nor does he allege that he is in imminent danger of serious physical injury. All of his claims relate to past medical treatment he received at the Medical Center in early 2016. Plaintiff has thus failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. Therefore, the Court will deny plaintiff's motion to proceed *in forma pauperis* and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of December, 2019.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

3